## UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS

| Name of Assigned Judge or Magistrate Judge | Gettleman | Sitting Judge if Other Than Assigned Judge | |
|---|---|---|---|
| Case Number | 01 C 3516 | Date | 2/6/02 |
| Case Title | Boukhris v Perryman | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd-party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [use listing in "MOTION" box above]
(2) ☐ Brief in support of motion due _____
(3) ☐ Answer brief to motion due _____ Reply to answer brief due _____
(4) ☐ Ruling/Hearing on _____ set for _____ at _____
(5) ☑ Status hearing ☑ held ☑ continued to ☐ set for ☐ re-set for 4/3/02 at 9:00
(6) ☐ Pretrial conf. ☐ held ☐ continued to ☐ set for ☐ re-set for _____ at _____
(7) ☐ Trial ☐ Set for ☐ re-set for _____ at _____
(8) ☐ ☐ Bench Trial ☐ Jury Trial ☐ Hearing held and continued to _____ at _____
(9) ☐ This case is dismissed ☐ without ☐ with prejudice and without costs ☐ by agreement ☐ pursuant to
    ☐ FRCP 4(j) (failure to serve) ☐ General Rule 21 (want of prosecution) ☐ FRCP 41(a)(1) ☐ FRCP 41(a)(2)

(10) ☑ [Other docket entry] Memorandum opinion and order entered. Defendants' motion to dismiss counts II and III is granted. With respect to counts I and IV, the court withholds ruling. Parties' simultaneous briefs addressing these counts are due by 2/26/02. Briefs are limited to 10 pages.

(11) ☑ [For further detail see ☐ order on the reverse of ☑ order attached to the original minute order form.]

☑ No notices required, advised in open court.
☐ No notices required.
☐ Notices mailed by judge's staff.
☐ Notified counsel by telephone.
☐ Docketing to mail notices.
☐ Mail AO 450 form.
☐ Copy to judge/magistrate Judge.

courtroom deputy's initials: GJ

Date/time received in central Clerk's Office

U.S. DISTRICT COURT CLERK
02 FEB -6 PM 4:54
FILED-ED 10
FEB 07 2002

number of notices
date docketed
docketing dpty. initials
date mailed notice
mailing dpty. initials

Document # 16

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TAHER BOUKHRIS and ALEXANDRA GANZ BOUKHRIS, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| | ) No. 01 C 3516 |
| v. | )<br>) Judge Robert W. Gettleman |
| BRIAN PERRYMAN, as the District Director of the Immigration and Naturalization Service and the IMMIGRATION AND NATURALIZATION SERVICE, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

DOCKETED
FEB 7 2002

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Taher Boukhris ("Mr. Boukhris") and his wife Alexandra Ganz Boukhris ("Mrs. Boukhris") have filed a complaint against defendants, the U.S. Immigration and Naturalization Service ("INS") and Brian Perryman, District Director of the INS ("Director"), alleging denial of due process (Count I), violation of Mrs. Boukhris' right to representation, 8 C.F.R. §§ 292.5(b), §103.2(a)(3), and 103.2(b)(7) (Count II), violation of INA §§201(b)(2)(a)(1) and 204 (Count III), and a First Amendment violation (Count IV).

Defendants previously moved to dismiss plaintiffs' complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) (lack of subject matter jurisdiction) and 12(b)(6) (failure to state a claim upon which relief can be granted). On October 16, 2001, the court granted defendants' motion, finding that the court did not have jurisdiction over the instant case because it was "not only premature but statutorily barred." Thereafter, plaintiffs filed the instant motion seeking the court's reconsideration of the jurisdictional issue. For the reasons explained below, the court grants plaintiffs' motion to reconsider and alters its initial holding as explained below.

# FACTS

Mr. Boukhris is a citizen of Morocco who came to the U.S. in 1996 and married Mrs. Boukhris, a U.S. citizen, on September 27, 1997. One month later, plaintiffs applied to have Mr. Boukhris' immigration status changed to that of a permanent U.S. resident pursuant to 8 U.S.C. §1255 ("Adjustment of status of nonimmigrant to that of person admitted for permanent residence"). To that end, Mrs. Boukhris completed an "I-130" petition to have Mr. Boukhris classified as an "immediate relative" pursuant to 8 U.S.C. §1151(b)(2)(A)(i) (referred to as an "I-130 petition"), and Mr. Boukhris completed an "I-485" application for "adjustment of status" to a permanent resident pursuant to 8 U.S.C. § 1255 (referred to as an "I-485 application").

On February 1, 2001, two INS agents visited Mrs. Boukhris' home and asked to talk to her. At first, the INS agents listened as Mrs. Boukhris told them the story of how she met, married, and later separated from Mr. Bourkhris. Thereafter, one of the agents responded that her story was a lie, and that the INS knew Mr. Bourkhris had paid her $15,000 to marry him. Mrs. Bourkhris denied this, but the agent then held his badge up and asked her if she was "prepared to go to jail for this man, or spend the rest of [her] life paying money for fines for a fraudulent marriage?" Mrs. Boukhris was "afraid and intimidated" by this, and she "imagined herself in jail and unable to continue medical treatment for her condition" (which resulted from her "19½ year-long history of family sexual abuse"). According to Mrs. Boukhris, after she told the INS agents about her condition, they "pressed her to sign a statement that they dictated to her" without informing her of "any rights that she may have had under the law, including the right to an attorney." Mrs. Boukhris' statement withdrew her I-130 petition and admitted that

2

her marriage to Mr. Boukhris was "fraudulent." On February 23, 2001, the Director denied Mrs. Boukhris' petition and Mr. Boukhris' application, prompting the instant lawsuit.

## DISCUSSION

In granting defendants' motion to dismiss previously, the court found the instant suit to be premature because Mr. Boukhris failed to appeal the denial of his I-485 application to the Board of Immigration Appeals. See McBrearty v. Perryman, 212 F.3d 985, 986 (7th Cir. 2000). The court also concluded that it was statutorily barred from reviewing that decision under 8 U.S.C. §1252(a)(2)(B), which provides: "notwithstanding any other provision of law, no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under [8 U.S.C. §1255]," which covers, *inter alia,* the adjustment of status of a nonimmigrant to that of a person admitted for permanent residence. See also McBrearty, 212 F.3d at 986. Finally, in response to plaintiffs' argument that the court has jurisdiction over the instant case due to Mrs. Boukhris' constitutional claims, the court concluded:

> These are simply arguments about the merits of the Director's decision dressed in (scant) constitutional clothing, . . . as evidenced by plaintiff's prayer for relief, which asks the court in part to: (1) declare Mrs. Boukhris' withdrawal of her petition "a nullity, because it was obtained under duress and obtained by coercive measures"; (2) declare plaintiffs' marriage to be [in] "good faith and not for the purpose of evading immigration laws"; (3) compel defendants to approve plaintiffs' requests that Mr. Boukhris' visa status be adjusted to that of a permanent resident; and (4) enjoin defendants from deporting Mr. Boukhris from the US." Were the court to provide plaintiffs with any of the above relief, it would do so in violation of the clear language of 8 U.S.C. §1252(a)(2)(B). See McBrearty at 986.

Having now reviewed both parties' arguments addressing plaintiffs' motion to reconsider, the court agrees with plaintiffs that their failure to exhaust administrative remedies is excusable under the circumstances, and further that plaintiffs' constitutional claims are not foreclosed by 8

3

U.S.C. §1252(a)(2)(B). The court therefore grants plaintiffs' motion to reconsider and denies defendants' motion to dismiss on jurisdictional grounds.[1]

The court begins with plaintiffs' argument that they did in fact exhaust their administrative remedies. Although the court previously concluded to the contrary, the court now agrees with plaintiffs that the futility exception to exhaustion of administrative remedies applies in the instant case. See Wilczynski v. Lumbermens Mut. Cas. Co., 93 F.3d 397, 402 (7th Cir. 1996). Under Wilczynski, plaintiffs must show that it is "certain" their claims would be denied on appeal, not merely that they "doubt" they would meet with success on appeal. Id. (citations omitted). Plaintiffs have done this.

Beginning with Mrs. Boukhris, it is clear that she is prohibited from retracting her withdrawal of her I-130 petition in the administrative proceedings. See 8 C.F.R. §103.2(b)(6) (stating that, "a withdrawal may not be retracted"). Further, Mrs. Boukhris has no right to appeal the Director's denial of her I-130 petition based on her withdrawal because she was not given notice of that right, as required by 8 C.F.R. §103.3(a)(1)(iii). Indeed, the only option Mrs. Boukhris has is to file a new petition as permitted by 8 C.F.R. 103.2(b)(15), which would allow

---

[1] In doing so, however, the court does not alter its finding that it is not empowered to "compel[] Defendants to approve . . . [Mr.] Boukhris' application to adjust [his] status to that of a lawful permanent resident," "declar[e] that Plaintiffs' marriage was entered into in good faith and not for the purpose of evading the immigration laws," "compel[] Defendants to approve [Mrs.] Boukhris' visa petition," or "enjoin[] Defendants from taking any action to detain or remove [Mr.] Boukhris from the United States, where such decision may arise from the INS' actions and/or conclusions that Plaintiffs engaged in a fraudulent marriage." The only relief—of the relief requested by plaintiffs—that the court can possibly grant in the instant case is to "declar[e] [Mrs.] Boukhris' withdrawal of her visa petition for [Mr.] Boukhris a nullity." Of course, this relief will be granted only if, at a later stage in this litigation, plaintiffs prove that Mrs. Boukhris' withdrawal of her I-130 petition was in fact unlawfully coerced and that this violated Mrs. Boukhris' constitutional rights, as plaintiffs assert.

4

the Director to take into consideration "the facts and circumstances" surrounding her withdrawal of her first petition. Whatever crack in the door that procedure might create is foreclosed, however, by 8 U.S.C. §1154(c), which provides that, "no petition shall be approved if . . . the alien has previously . . . sought to be accorded . . . an immediate relative or preference status as the spouse of a citizen of the United States . . . by reason of a marriage determined by the Attorney General to have been entered into for the purpose of evading the immigration laws." The Attorney General made that determination in the instant case. Thus, any attempt by Mrs. Boukhris to file a new I-130 application on her husband's behalf would be futile under Wilczynski. 93 F.3d at 402.

As for Mr. Boukhris, his door to meaningful administrative review closed along with his wife's. Under 8 U.S.C. §1154(b), approval of Mrs. Boukhris' I-130 petition is a condition precedent to the granting of Mr. Boukhris' I-485 application. Thus, because, as discussed above, Mrs. Boukhris could not retract her withdrawal of her I-130 petition, and she could not avoid the denial of future I-130 petitions she might file, any attempt by Mr. Boukhris to appeal the denial of his I-485 adjustment of status application would have also been futile given the language of 8 U.S.C. §1154(c). Therefore, the court agrees with plaintiffs that they have, in fact, demonstrated that further administrative appeals to the Immigration and Naturalization Service would have been futile in the instant case. As a result, the court concludes that plaintiffs exhausted their administrative remedies.

Given that plaintiffs' claims are not foreclosed by their failure to exhaust administrative remedies, the court now considers whether plaintiffs' constitutional challenges nullify the effect

of the door-closing statute, 8 U.S.C. §1252(a)(2)(B), as plaintiffs argue.[2] Section 1252(a)(2)(B) states that, "Notwithstanding any other provision of law, no court shall have jurisdiction to review-- (i) any judgment regarding the granting of relief under [8 U.S.C.S. §1255, which inlcudes the adjustment of status of nonimmigrant to that of a person admitted for permanent residence]". . . "or (ii) any other decision or action of the Attorney General the authority for which is specified under this title [8 USCS §§1151 et seq.] to be in the discretion of the Attorney General." While this statute would normally act as a jurisdictional bar, the existence of plaintiffs' constitutional claims spare the instant case, at least for the time-being. See McBrearty, 212 F.3d at 987 (noting that, "[door-closing statutes] are often interpreted as being inapplicable to constitutional challenges," and citing Czerkies v. U.S. Dept. of Labor, 73 F.3d 1435, 1439 (7th Cir. 1996), LaGuerre v. Reno, 164 F.3d 1035, 1040 (7th Cir. 1998), and Stehney v. Perry, 101 F.3d 925, 936 (3d Cir. 1996)).

Instead, this court has jurisdiction through the Administrative Procedure Act, 5 U.S.C. § 701, et seq. ("APA"), and 28 U.S.C. §1331, as explained in Sabhari v. Reno, 197 F.3d 938, 943 (8th Cir. 1999), and the cases discussed therein. See Abboud v. INS, 140 F.3d 843, 846-47 (9th Cir. 1998); Shanti, Inc. v. Reno, 36 F. Supp. 2d 1151, 1159-61 (D. Minn. 1999); Burger v. McElroy, 1999 U.S. Dist. LEXIS 4854, *10-14, 1999 WL 203353 (S. D. N. Y. April 12, 1999). Section 702 of the APA provides in part that, "A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant

---

[2] The court disagreed with this argument in its October 16, 2001, Order, finding plaintiffs' constitutional claims to be "arguments about the merits of the Director's decision dressed in (scant) constitutional clothing." Upon reconsideration, the court concludes that it cannot grant plaintiffs the majority of relief they have requested, but defers judgment on the merit of plaintiffs' constitutional claims at this stage of the litigation.

6

statute, is entitled to judicial review thereof." Similarly, §704 states in part that, "final agency action for which there is no other adequate remedy in a court [is] subject to judicial review." These, along with the court's grant of original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. §1331, are sufficient to confer jurisdiction in the instant case. The court therefore concludes that it has jurisdiction to consider plaintiffs' claims.[3]

This is not the end of the court's inquiry, however. In its Order dated October 16, 2001, the court did not reach defendants' argument that the allegations in plaintiffs' complaint fail to state a claim upon which relief can be granted under Rule 12(b)(6) because the court concluded that it did not have jurisdiction over those claims. Having now found that it has jurisdiction to consider plaintiffs' claim, the court must do just that pursuant to Rule 12(b)(6). In doing so, the court is mindful of the fact that, under the federal notice pleading standards, all well-pleaded allegations are construed liberally, and dismissal is proper only where the claimant can prove no set of facts to support the allegations. Conley v. Gibson, 355 U.S. 41, 46 (1957). Further, the court assumes that plaintiffs' allegations are true and makes all reasonable inferences in favor of plaintiffs. Ed Miniat, Inc. v. Globe Life Ins. Group, Inc., 805 F.2d 732, 733 (7th Cir. 1986).

---

[3] The court agrees also with plaintiffs that McBrearty does not proscribe the above result because it is distinguished from the instant case in three important respects. First, the plaintiffs in McBrearty filed I-485 applications requesting changes of status after automatically receiving visas due to winning "the diversity visa lottery." See 212 F.3d at 986. Thus, there was no need to examine the circumstances surrounding the denial of an I-130 petition based upon withdrawal in McBrearty. Further, unlike plaintiffs in the instant case, the plaintiffs in McBrearty did not have a good reason for failing to exhaust their administrative remedies after their change of status applications were denied due mostly to their tardiness in filing the applications. See id. at 987. And finally, the plaintiffs' federal suit in McBrearty did not allege constitutional claims, whereas plaintiffs have alleged two such claims in the instant case. Id.

7

First, plaintiffs' statutory claims that defendants violated Mrs. Boukhris' right to representation under 8 C.F.R. §§ 292.5(b), §103.2(a)(3), and 103.2(b)(7) (Count II) are dismissed under Rule 12(b)(6). Plaintiffs allege that, "The INS' questioning of [Mrs.] Boukhris on February [1], 2001 without notice to her attorney violates 8 C.F.R. §292.5(b)," and that, "Representation in visa petition proceedings is specifically guaranteed" under 8 C.F.R. §103.2(a)(3), and finally that, "An examination is authorized in such proceedings" under 8 C.F.R. §103.2(b)(7). In actuality, however, these statutes do not support plaintiffs allegations.

Section 292.5(b) merely grants the person involved in an examination under that chapter "the right" to be represented by an attorney or representative, but, as explained in §292.5(a), the INS' affirmative duty to notify a person's attorney or representative arises only in particular instances.[4] Plaintiffs do not allege, and the facts do not appear to support, that the INS agents' visit to Mrs. Boukhris' home on February 1, 2001, embodied an instance covered by §292.5(a). Next, although 8 C.F.R. §103.2(a)(3) states that, "An applicant or petitioner may be represented by an attorney . . . or by an accredited representative," plaintiffs have not provided any support for their assertion that once an applicant or petitioner is represented by an attorney or an accredited representative, INS agents are forbidden from interviewing such person with their

---

[4] Section 292.5(a) states that:

Whenever a person is required by any of the provisions of this chapter to give or be given notice; to serve or be served with any paper other than a warrant of arrest or a subpoena; to make a motion; to file or submit an application or other document; or to perform or waive the performance of any act, such notice, service, motion, filing, submission, performance, or waiver shall be given by or to, served by or upon, made by, or requested of the attorney or representative of record, or the person himself if unrepresented.

8

permission when their attorney is not present. And finally, although 8 C.F.R. §103.2(b)(7) does provide for more formal examinations in particular proceedings, plaintiffs do not cite any cases supporting their assertion that the INS agents' talk with Mrs. Boukhris on February 1, 2001, should have been treated as such an event.

Thus, plaintiffs' claim that defendants violated Mrs. Boukhris' "right to representation" by interviewing her without notifying her attorney in advance, and by basing the denial of her visa petition on the contents of that interview, is without merit. Had Mrs. Boukhris requested the presence of her attorney on February 1, 2001, or had the INS agents who visited her told Mrs. Boukhris that she could not have an attorney present, perhaps then Mrs. Boukrhis could state a claim under these statutes. But plaintiffs merely allege that INS agents visited Mrs. Boukhris' home on February 1, 2001, "without prior notice to Plaintiffs or their attorney," which is insufficient to state a claim based on these statutes. Accordingly, the court dismisses Count II.

Count III alleges that defendants violated 8 U.S.C. §§1151(b)(2)(a)(i) and 1154, which set forth the "immediate relative" status sought via Mrs. Boukhris' I-130 petition, and the INS' procedure for granting I-485 applications. According to plaintiffs, the INS violated these statutes when it concluded that Mr. and Mrs. Boukhris engaged in a fraudulent marriage "based, in part, on the fact that they are living separately." Again, plaintiffs are attempting to read a right into an immigration statute. While plaintiffs are correct that "nothing in the Immigration and Nationality Act mandates that a married couple be living together in order to classify an individual as an immediate relative of a U.S. citizen," nothing in these statutes prohibits the INS from considering that factor in deciding whether to grant I-130 petitions and I-485 applications. Thus, the court dismisses Count III pursuant to Rule 12(b)(6).

Counts I and IV are alleged as constitutional claims. Count I alleges that Mrs. Boukhris' right to due process of law under the Fifth Amendment to the U.S. Constitution was violated when the INS denied Mrs. Boukhris' 1-130 petition and Mr. Boukhris' 1-485 petition based on INS agents' coercion of Mrs. Boukhris to sign "a statement that was not true," and their coercive questioning of her "outside the presence of her husband and/or attorney." Count I alleges that Mrs. Boukhris' due process rights were further violated when INS agents obtained her incriminating statement "without first advising her of her rights to counsel or her rights against self-incrimination." Similarly, Count IV alleges that, "The INS' actions in denying immediate relative immigrant status to [Mr.] Boukhris violates the Plaintiffs' rights to freely associate and to determine the content of their marital relationship as they see fit, in violation of the First Amendment to the U.S. Constitution."

Unlike Counts II and III above, the question of whether Counts I and IV state claims upon which relief can be granted cannot be addressed by interpreting the plain language of a statute. Instead, these claims, which purport to allege serious constitutional violations, require in-depth analysis of prevailing case law. The parties have not provided this necessary analysis for the court. Thus, the court defers its ruling on defendants' motion to dismiss Counts I and IV under Rule 12(b)(6). The parties are ordered to file simultaneous briefs addressing Counts I and IV on or before February 26, 2002. The parties' briefs are not to exceed ten pages in length.

## CONCLUSION

For the reasons set forth above, the court grants plaintiffs' motion to reconsider and finds that it does have jurisdiction over the instant matter. The court grants defendants' motion to

dismiss Counts II and III, however, finding that plaintiffs have failed to state a claim upon which relief can be granted in those claims. With respect to Counts I and IV, the court withholds its ruling and orders the parties to file simultaneous briefs addressing these counts on or before February 26, 2002. The parties' briefs are not to exceed ten pages in length. This matter is set for ruling April 3, 2002, at 9:00 a.m.

**ENTER:** **February 6, 2002**

**Robert W. Gettleman**
**United States District Judge**